DAVID BROWN *vs.* JOHN LAWLER.

Feb. 24, 1875.

**Case triable by Court—Waiver of Objection to Jury Trial.**—This case was triable by the court under the provisions of §§ 198, 199, ch. 66, Gen. Stat., subject to the right of the parties to consent that the whole issue, or any specific question of fact involved therein, be tried by a jury, or referred. The case having come on for trial, and a jury having been called and sworn without objection, the plaintiff objected to a trial by jury, claiming that the case was for the court. *Held*, that the acquiescence in the calling and swearing of the jury amounted to a substantial consent of the parties that the whole issue of fact be tried by a jury, such issue being proper for the cognizance of a jury.

**Admission in Pleading—Judgment on Verdict Modified.**—The issue being as to the amount due upon a promissory note, the jury brought in a verdict for $176.87, although the answer *admitted* the amount due to be $221.90. *Held,* that the judgment must be modified so as to correct this manifest error appearing upon the face of the record.

Action to foreclose a mortgage. Defence, partial payments of the mortgage note. Trial in the district court for Scott county, before Chatfield, J., and a jury. Verdict for plaintiff for a less sum than claimed in the complaint. Judgment of foreclosure, from which plaintiff appeals.

*L. M. & D. A. Brown,* for appellant.

*J. L. Macdonald,* for respondent.

BERRY, J. This action was brought, under Title 2, ch. 81, Gen. Stat., to foreclose a mortgage given by defendant to plaintiff to secure a promissory note. Plaintiff, in his complaint, prayed for judgment adjudging the amount due on the note, and also prayed for judgment of foreclosure.

Upon the pleadings, the only issues in the case related to the amount due upon the note. Under the provisions of §§ 198, 199, ch. 66, Gen. Stat., this action was triable " by the court, subject, however, to the right of the parties to consent, or of the court to order, that the whole issue, or any specific question of fact involved therein, be tried by a jury, or referred." This case having come on for trial, and a jury having been called and sworn without objection, the plaintiff objected to a trial by jury, claiming that the case was for the court. If it had been seasonably taken, the objection should have been allowed; but in this instance, we think it was properly overruled, for the reason that the acquiescence in the calling and swearing of the jury amounted to a substantial consent of the parties that the whole issue of fact be tried by a jury, the issue being proper for the cognizance of a jury. *Finch* v. *Green,* 16 Minn. 355, 364.

2. As to plaintiff's point, that on account of an entire want of evidence upon the subject, the court below erred in submitting to the jury the question of the authority of Austin Brown to receive the $93.11 which the defendant claimed to

have paid on the note in suit, we agree with defendant's counsel that the conversation between plaintiff and defendant, testified to by defendant on his re-examination, had some tendency to prove such authority, by ratification at least.

3. The jury brought in a verdict for $176.87, as the amount due upon the note, whereas the answer *admitted* an indebtedness on the same, in the sum of $221.90. The judgment must be modified so as to correct this manifest error appearing upon the face of the record. *Reynolds* v. *La Crosse & Minn. Packet Co.,* 10 Minn. 186.

Ordered accordingly.