## FOSTER v. MORA.

In ejectment in the courts of the United States the strict legal title prevails.

ERROR to the Circuit Court of the United States for the District of California.

The facts are stated in the opinion of the court.

*Mr. Edmond L. Goold* for the plaintiffs in error.
*Mr. John T. Doyle, contra.*

MR. JUSTICE MILLER delivered the opinion of the court.

This is an action of ejectment brought originally in the Cir-

cuit Court for the District of California, by the defendant in error, in which he recovered judgment against the plaintiffs in error.

The parties waived a jury, and the court made a finding of the facts, on which its judgment was rendered. Those which set out plaintiff's title are as follows : —

" 1. The lands in controversy are the ancient mission buildings and quadrangle, and the gardens and orchards, of the ancient Mission of San Juan Capistrano, as formerly occupied by the priests of the mission ; area, forty-six acres and seventy-four hundredths of an acre $(46\frac{74}{100})$.

" 2. That on the nineteenth day of February, A.D. 1853, Joseph S. Alemany, Roman Catholic Bishop of Monterey, filed with the board of commissioners to ascertain and settle private land-claims in California, appointed under the act of Congress of March 3, 1851, his petition in writing, a copy of which (omitting the description of the several parcels of land herein described and claimed) is hereto annexed and made part hereof, and marked ' Schedule A ; ' and thereupon such proceedings were had before the said board, that the said board, on the 18th of December, A.D. 1855, made a decree confirming to said petitioner the lands described in his petition, to be held by him for the uses and purposes in said petition described. A copy of the decree (omitting the description of the several parcels of land) is hereto annexed and made part hereof, marked ' Schedule B.' That afterwards the United States appealed from the said decree to the District Court of the United States for the Southern District of the State of California, and thereafter the Attorney-General of the United States, having given notice that he would not prosecute such appeal, the same was thereupon, afterwards, on the fifteenth day of March, A.D. 1858, at a regular term of the said court, by its order duly entered, dismissed, and the said Joseph S. Alemany, bishop as aforesaid, was adjudged and decreed to have leave to proceed in the premises under the decree of the land commissioners as under final decree.

" 3. That on the eighteenth day of March, A.D. 1865, letters-patent were duly issued by the United States of America to the said Reverend Joseph S. Alemany, bishop aforesaid, a

copy whereof is annexed, and made a part hereof, marked 'Schedule C.'

"4. Afterwards, and before the commencement of this suit, the title of the said Joseph S. Alemany, Roman Catholic bishop as aforesaid, to the said premises became vested in the plaintiff herein, and that they are the same premises described in the complaint and here in controversy."

It also appears that this land had been in possession of the mission ever since the year 1796.

The defendants were admitted to be in possession at the commencement of the action, and their claim of title is in substance founded on these facts, as stated by the court: —

A grant by Pio Pico, governor of California, of the premises in controversy, dated Dec. 6, 1845 ; a petition to the board of commissioners of private land-claims, dated Oct. 23, 1852; a decree of confirmation of that board, dated July 7, 1855; an appeal, which was dismissed; and a survey of the lands so confirmed by the surveyor-general of the United States.

No patent has been issued to the claimants under these proceedings.

It thus appears that plaintiff has the only title founded on a patent from the United States. The act of Congress of 1857, to ascertain and settle the private land-claims in California, required that every claim to land arising under the Mexican government should be presented to the board of commissioners appointed under it, and that they should reject or affirm the claim.

It also contemplated as the final evidence of title that a patent should issue to the claimant or his representatives when the claim was established, in whole or in part. This patent is declared by the statute to be conclusive between the United States and the said claimants only, and shall not affect the interests of third persons.

The patent to Bishop Alemany in this case and in this action is conclusive as against the United States that the bishop had a meritorious claim derived from the Mexican government to the land in question, and that the United States conveys to him the legal title to the land.

In actions of ejectment in the United States courts the strict legal title prevails. If there are equities which would show the right to be in another, these can only be considered on the equity side of the Federal courts.

This record shows that plaintiff holds the only legal title which the courts of the United States can recognize. The oldest claim, the oldest possession, the oldest legal title, and the only patent from the United States are with the plaintiff, and in this action these must prevail.

We are invited by plaintiffs in error into the discussion of the canon and civil laws of Mexico concerning the titles to lands held by missions and other ecclesiastical bodies. We must decline to follow this lead.

If there is any equitable reason why the only strict legal title and the older Mexican claim and possession should not prevail, it is not available in a court of law.

*Judgment affirmed.*