SCHOOLFIELD et al. v. RHODES et al.

(Circuit Court of Appeals, Eighth Circuit. August 2, 1897.)

No. 813.

1. EJECTMENT—EQUITABLE DEFENSE.
    In the federal courts the distinction between actions at law and suits in equity is not affected by state statutes, under the act of conformity (Rev. St. § 914); and an equitable title cannot be pleaded and proved, against a seasonable objection, to defeat an action of ejectment.

2. SAME—LEGAL RIGHT OF POSSESSION UNDER EQUITABLE TITLE.
    Where a partner, who, by the articles of agreement, was vested with sole power to make and sign contracts for the firm, made a contract for the sale of land owned by the firm, which provided that the purchaser should have possession so long as he complied with the contract, and the purchaser took and held possession, and has fully complied with the contract, his right of possession is a legal right, and is available as a defense to an action of ejectment, though his title is equitable.

3. APPEAL AND ERROR—OBJECTION MADE FIRST ON APPEAL.
    In an action at law, where the court has jurisdiction of the parties and subject-matter, an objection that the defense set up was purely equitable comes too late if made for the first time on appeal.

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

This was an action at law, in the nature of ejectment, by W. W. Schoolfield and Henry G. Miller, as surviving partners of Schoolfield, Hanauer & Co., against John F. Rhodes and others. The case was tried to the court without a jury, and judgment was given for defendants. Plaintiffs have brought the case to this court by writ of error.

John J. Hornor and E. C. Hornor, for plaintiffs in error.

R. G. Brown, for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. This was an action in the nature of ejectment brought by the plaintiffs in error to recover possession of a tract of land in the state of Arkansas from the defendants in error. The case was tried by the court without a jury, and it found the facts that are material here to be these: In 1887 Emilius Buck and N. E. Campbell were merchants and partners, using the firm name of Buck & Trexler, under a written agreement between them which provided "that the said Emilius Buck shall continue in the exclusive management of the firm's business; * * * he, the said Emilius Buck, to have the exclusive right and power to make and authorize contracts, purchases, debts, and sign the firm's name, or authorize same, to drafts, notes, or other instruments of liabilities, or in liquidation." On March 1, 1887, Buck obtained a deed of the land in dispute from its owners in payment of a debt which was due to his firm. That deed recited that the grantors, in consideration of $2,300 to them in hand paid by Emilius Buck and Nancy E. Campbell, merchants and partners under the firm name of Buck & Trexler, conveyed the land to Buck & Trexler, their heirs and assigns, in warranty forever. All the parties to this action claim under this deed. The title which the plaintiffs pleaded and proved consisted of a deed which was made on October 12, 1892, by C. L. Campbell, as administrator of the estate of N. E. Campbell, who had died on March 23, 1888, of an undivided half of the premises in question, and a deed to them made by Abner Gaines, as United States marshal, on February 7, 1895, under a judgment against Buck, which was rendered on January 31, 1895, of all the interest of Emilius Buck in the premises. The rights of the defendants arose in this way: On February 21, 1888, Buck & Trexler, through Buck, as their sole manager, sold the land in question to Andy White, and put him in possession of it, in consideration of $2,500,—$100 in cash, and White's five promissory notes for the balance. They gave him a written contract that upon the payment of that one of his notes which fell due November 1, 1888, they would convey the land to him; and Buck signed this contract with the name of Buck & Trexler, and duly acknowledged it before the proper officer authorized to take the acknowledgment of deeds. On November 1, 1888, White paid his note, and Buck made a deed of the land to him, which was signed and acknowledged in the same way as the contract was. White's notes were all paid as they fell due, and the proceeds of all of them were received and used as a part of the property of Buck & Trexler. The title and rights of White

passed by the delivery of possession and by mesne conveyances to one of the defendants, and the others were his tenants. White and his immediate and remote grantees have been in possession of the land under his agreement and deed ever since February, 1888. Upon this state of facts the court below held that, under the agreement between Buck & Trexler and himself, White and his grantees acquired an equitable title to the land, which, coupled with the possession, was a good defense in ejectment, and that they had been in possession more than seven years, so that the statute of limitations of the state of Arkansas had run in their favor, and it accordingly rendered judgment against the plaintiffs. This judgment is assailed on two grounds: (1) Because an equitable title is not available as a defense in ejectment in the national courts; and (2) because White did not commence to hold adversely to his vendor until November 1, 1888, when he became entitled to his deed, and this action was commenced within seven years thereafter, so that the statute of limitations was not available to him or his grantees. Mansf. Dig. Ark. St. § 4471. It is manifest that it is immaterial whether the statute of limitations constitutes a defense or not, if the equitable title coupled with possession did, since in that event the judgment was right, and must be affirmed, whether the action was barred by the statute or not. We accordingly turn to the consideration of the position that this judgment ought to be reversed because the equitable title under the agreement with White could not be pleaded in an action at law in the United States circuit court, notwithstanding the fact that it constituted a perfect defense to the action when pleaded in a bill in equity to enjoin the prosecution of the suit in ejectment.

There is no doubt that an equitable title may not be pleaded and proved, against a seasonable objection, to defeat an action at law in the federal courts. The distinction between actions at law and suits in equity is not a mere matter of form. It inheres in the nature of judicial proceedings, it is strictly observed in the courts of the United States, and it is not affected by the statutes of the several states, nor by section 914, Rev. St., the act of conformity. The strict legal title prevails in ejectment in the national courts, and a suit in equity is the proper proceeding to establish, protect, and enforce an equitable interest in the land in controversy. Bagnell v. Broderick, 13 Pet. 436; Foster v. Mora, 98 U. S. 425, 428; Langdon v. Sherwood, 124 U. S. 74, 85, 8 Sup. Ct. 429; Davis v. Hargrave, 30 U. S. App. 723, 18 C. C. A. 438, 72 Fed. 81. There are, however, two reasons why this proposition is not available to the plaintiffs to overturn this judgment: One of them is that a legal right of a defendant in ejectment to the possession of the premises is as complete a defense as the legal title, and the defendants in this case had that right under the agreement with White. The partnership agreement gave Buck unlimited power to make contracts of sale of and to deliver all the property of the firm of Buck & Trexler on such terms as he prescribed, and this land was the property of that firm. The agreement of sale which he made and signed provided that the vendee, White, should have the possession of the land as long as he complied with its terms, and that if he failed to pay his note which fell due on November 1, 1888, the

$100 which he had paid, and his improvements, should constitute the rent for the year. He did·not fail to pay his notes, but he and his grantees complied literally with all the terms of the agreement; and in that way his legal right and that of his grantees to the possession of the property was, after that contract was made, as complete as it would have been if they had held the land under an ordinary lease. In order to recover in ejectment, the plaintiff must have not only the legal title, but the right to the possession of the property. Indeed, the basis of the action is the right to the possession, and not the title. The plaintiff cannot recover when he has granted the right to the possession to the defendant, and it was a perfect defense at law to the plaintiffs' action here that the defendants held both the possession and the legal right to it under a written agreement with the grantors of the plaintiffs, which was anterior and superior to their title.

: The other reason why the objection of the plaintiffs cannot be sustained is that it comes too late. It was not made in the court below. The partnership agreement, the agreement between Buck & Trexler and White, his performance of that agreement, and his possession and that of his grantees under it, upon which the equitable title of the defendants rests, were all pleaded, proved, and submitted to the court below for its decision without an objection or exception to any of them on the ground that that title was inadmissible as a defense in this action. ·This is a court for the correction of the errors of the court below only. When an action at law is tried by the court without a jury, the questions of the jurisdiction of that court, and of the sufficiency of the pleadings and findings to warrant the judgment, are always open for consideration. No other question will be noticed by the appellate court unless it has first been presented to and considered by the court below. No question arises in this case as to the jurisdiction of the trial court over the parties or the subject-matter in controversy. The pleadings and findings of the court were sufficient to warrant the judgment. The answer denied the ownership of the plaintiffs and their right to the possession of the property, and alleged that the defendants held the title, the possession, and the right to the possession. The findings of the court upheld the undoubted right of the defendants to retain the possession of the property. The objection which plaintiffs now urge, therefore, was one which should have been presented to the trial court, in order to warrant a consideration of it here. That court committed no error in ruling upon this objection, because it was never presented to it and it made no ruling upon it; and there is therefore no ruling before us to review, and no error to correct. Drexel v. True, 36 U. S. App. 611, 20 C. C. A. 265, 266, and 74 Fed. 12, 14, and cases cited; Railway Co. v. Harris, 27 U. S. App. 450, 454, 12 C. C. A. 598, 601, and 63 Fed. 800, 803, and cases cited.

It is urged that the question presented goes to the jurisdiction of the court below to hear and decide upon the equitable defense. The answer is that, inasmuch as it does not go to the jurisdiction of that court over the parties or the subject-matter of the action, it is waived by a failure to present it at the opening of the trial. Any other practice would cause unreasonable expense, and would result in intoler-

able delay. Take the case in hand. This case has been carefully tried without a jury before the same court which would have heard and sustained the equitable title of the defendants if they had pleaded and proved it, as they might have done, on the equity side of the court. The plaintiffs have not been misled or taken by surprise. The equities of the defendants were pleaded, they were proved, they were considered by the court, and their effect was determined after full notice of all these proceedings to the plaintiffs in a case in which they participated without presenting the objection which they now urge. It is plain that these equities are superior to the claims of the plaintiffs, and that they entitle the defendants to retain the possession and to hold the title to this land. If we should reverse this judgment and send the case back for a new trial, the defendants would immediately exhibit their bill, and pray for an injunction against this action, and the establishment of their title, and the court below must grant their prayer. Such a course would produce nothing but expense and the law's proverbial delay. It would impose useless trouble and expense upon the defendants, which a timely objection from the plaintiffs when the answer was filed, or when the evidence in support of it was introduced in this case, would have avoided. They ought not to be permitted now, after experimenting with the trial court until they obtained its decision upon the merits of this equitable title, to repudiate and defeat the judgment which followed that decision, on the ground that the court below has tried, with their silent acquiescence, either an equitable defense at law, or a legal cause of action in equity. The acts of congress provide that suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate, and complete remedy may be had at law. Rev. St. § 723. Yet it is well settled that an appellate court is not required to listen to an objection to a decree in equity on the ground that the complainant had a complete remedy at law, when that objection is made for the first time in that court. Tyler v. Savage, 143 U. S. 79, 12 Sup. Ct. 340; Reynes v. Dumont, 130 U. S. 354, 395, 9 Sup. Ct. 486; Scott v. Armstrong, 146 U. S. 499, 512, 13 Sup. Ct. 148; Hollins v. Iron Co., 150 U. S. 371, 14 Sup. Ct. 127; Preteca v. Land-Grant Co., 4 U. S. App. 326, 1 C. C. A. 607. and 50 Fed. 674. The counter proposition is certainly supported by as much reason, and it is too late for one who has submitted to the trial of an equitable cause of action or defense in an action at law to object to that course for the first time in the appellate court. Railway Co. v. Harris, 27 U. S. App. 450, 454, 12 C. C. A. 598, 601, and 63 Fed. 800, 803; Railway Co. v. Phillips, 27 U. S. App. 643, 650, 13 C. C. A. 315, 319, and 66 Fed. 35, 40. The judgment below is affirmed, with costs.