NEW YORK & T. LAND CO., Limited, v. GULF, W. T. & P. R. CO. et al.

GULF, W. T. & P. R. CO. et al. v. NEW YORK & T. LAND CO., Limited.

(Circuit Court of Appeals, Fifth Circuit. February 13, 1900.)

No. 760.

1. APPEAL AND ERROR—OBJECTIONS TO JURISDICTION—WAIVER.

An objection that a court of equity has no jurisdiction by reason of the existence of an adequate legal remedy which was raised in the pleadings, but not otherwise brought before the trial court, cannot be urged on appeal.

2. EQUITY—JURISDICTION.

Equity has jurisdiction of a suit to determine, restore, and correct boundaries, and to recover possession of lands and rents and profits, where neither plaintiff nor defendant have legal titles.

Appeals from the Circuit Court of the United States for the Western District of Texas.

Charles W. Ogden, for New York & T. Land Co., Limited.
Wm. Aubrey, for Gulf, W. T. & P. R. Co.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. This is a suit in equity for the purpose of determining, correcting, and restoring boundaries, and for recovery of possession of lands, and, incidentally, for rents and profits, wherein neither complainant nor defendants have legal titles. The bill was filed on the 26th of July, 1889. On November 4, 1889, the defendants filed an answer, putting at issue all the averments of the bill, and closing with a paragraph to the effect that the matters complained of are matters which may be tried and determined at law, and with respect to which the said complainant is not entitled to any relief in a court of equity. A replication was filed February 4, 1890, and thereafter, in 1895 and 1898, various amendments to the answer were allowed. The record does not show that at any time was the question of equitable jurisdiction brought before the circuit court, and the case appears to have been tried with that question absolutely ignored. The evidence offered in the case is voluminous, involving many maps, surveys, and exhibits. It seems clear that the objection to the equity jurisdiction was not seasonably pressed, and, as now presented, the defendants tested the strength of their case in the court below, holding in reserve the question of equity jurisdiction. It appears to be urged in this court too late. Reynes v. Dumont, 130 U. S. 354, 9 Sup. Ct. 486, 32 L. Ed. 934; Kilbourn v. Sunderland, 130 U. S. 505, 9 Sup. Ct. 594, 32 L. Ed. 1005. Further than this, a majority of the court is of opinion that the subject-matter of this suit belongs to the class over which a court of equity has jurisdiction, and that, by reason of the equitable titles involved, a court of law could not give a complete and adequate remedy. On the merits of the case the circuit court appears to have found the facts to be with the complainant, the New York & Texas Land Company, Limited, and, in giving judgment thereon, to have followed the decisions of the supreme court of the state of

Texas in Land Co. v. Thomson, 83 Tex. 169, 17 S. W. 920, and Sanborn v. Gunter, 84 Tex. 275, 17 S. W. 117, 20 S. W. 72; and on the authority of those cases the decree of the circuit court is affirmed.