## HIGHLAND BOY GOLD MIN. CO. v. STRICKLEY.

(Circuit Court of Appeals, Eighth Circuit. July 14, 1902.)

No. 1,669.

**1. PRACTICE—FEDERAL COURTS—DISTINCTION BETWEEN LAW AND EQUITY PRESERVED.**

In the national courts, an action at law cannot be maintained in equity, nor is an equitable cause of action or an equitable defense available at law.

**2. EJECTMENT—EQUITABLE DEFENSE UNAVAILABLE.**

In an action of ejectment, an equitable defense may not be successfully presented in the federal courts. The strict legal title prevails, and if there are equities, they can only be considered upon the equity side of the courts upon the presentation of a proper bill.

**3. APPEALS AND WRITS OF ERROR.**

A judgment at law cannot be reviewed by an appeal, nor can a decree in equity be challenged by a writ of error in the federal courts. Judgments must be presented for review by writs, and decrees by appeals.

**4. APPEAL—PRACTICE—RULES APPLICABLE TO THE METHOD OF TRIAL.**

In a federal appellate court, the rules of law applicable to the method of trial and the method of review which the parties have chosen will measure their rights. The rules applicable to a trial at law will prevail if the action was tried at law and presented by writ of error, and the rules applicable to a hearing in equity if the suit was heard in equity and presented by appeal.

**5. EMINENT DOMAIN—NECESSITY OF USE ESSENTIAL TO EXERCISE OF POWER.**

The necessity of using the particular property sought is an essential prerequisite to the exercise of the power of eminent domain over it by a corporation having that power.

**6. ESTOPPEL—ACQUIESCENCE IN TRESPASS.**

The mere acquiescence of the owner of real estate in the entry, construction, and use of a tramway upon his land by a mining company, without proof of the necessity of such use, will not estop him from maintaining ejectment for the possession of his premises at any time within the limit prescribed for the commencement of such actions by the statutes of his state.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Utah.

John Strickley, the defendant in error, who will hereafter be called the plaintiff, brought an action in one of the district courts of the state of Utah against the Highland Boy Gold Mining Company, a corporation, the plaintiff in error, which will hereafter be called the defendant. That action was removed to the United States circuit court for the district of Utah, and thereupon the plaintiff filed an amended complaint. In this complaint he alleged that he was the owner of the Argonaut No. 1 placer mining claim in West Mountain mining district in the state of Utah; that the defendant had erected an aerial tramway across a portion of his claim, which was supported by towers or stations resting thereon; that he had been injured thereby in the sum of

---

¶ 5. See Eminent Domain, vol. 18, Cent. Dig. §§ 54, 147, 148.

$5,000; that he had notified the defendant to vacate the premises, but that corporation had refused to do so, and that it was continually trespassing upon his premises by operating the tramway to transport its ores across his land. He prayed for the possession of the premises, for $5,000 damages, and for an injunction forbidding the defendant from continuing its trespasses upon his property. The defendant by its amended answer, upon which the case was tried, denied the ownership of the mining claim by the plaintiff, denied that he had been damaged by the acts of the defendant in any sum exceeding $100, admitted that it had constructed and that it was operating a tramway over the mining claim described in the complaint, and that it had been requested to vacate the premises and cease its operations. "And for a further answer, by way of equitable defense," it alleged that it was the owner of, and was working, mining claims in the West Mountain district, and was smelting its ores about 18 miles away from its mines; that its mines were situated at a considerable height above Bingham gulch, and about two miles distant from it; that the only railroad in the mining camp was in this gulch; that it was necessary for the defendant to get its ores down to the railroad, in order to transport them to the smelter; that it had constructed the tramway a distance of 959.7 feet over the Argonaut No. 1 placer mining claim, and had sustained it by supporting towers resting thereon, and was operating it by gravity and steam power, for the purpose of transporting its ores from the mines to the railroad; that at the time it constructed the tramway the placer claim was unoccupied, and that the plaintiff knew that it was building the towers and constructing the tramway at the time that it built them, but made no objection until after it had expended the necessary funds to put them in operation. The defendant averred that it was willing and offered to pay whatever damages might be assessed for the appropriation of the right of way over the mining claim for its tramway, and prayed that no judgment for its ejectment from the portion of the premises occupied by its tramway be rendered, but that the plaintiff have judgment only for the damages for the permanent use and occupation of the strip of land across the claim occupied by the tramway. The case was tried by a jury. The plaintiff proved his title to the mining claim, waived any claim for damages, and rested. Thereupon the defendant called a witness, John Boitano, who testified that there was a pit on the Argonaut No. 1 placer mining claim that he had worked in for many years. He was asked how much he was able to make the full working day, and answered: "It is pretty hard to tell what you can make; one day you might make ten, and—." When the plaintiff objected to the question, counsel for the defendant stated that the purpose of it was to show the value or lack of value of the land. The court sustained the objection, the defendant excepted, and offered to show by the witness on the stand and other witnesses that the value of the land from which the plaintiff sought to eject the defendant did not exceed $25. The court sustained the objection of the plaintiff to this offer, and the defendant excepted. There was evidence tending to show that the plaintiff knew that the defendant was constructing the tramway at the time it was built, and that he was present upon or near the premises, and took no action regarding the matter. The court instructed the jury to return a verdict for the plaintiff, and the defendant excepted to this instruction. Judgment was rendered in accordance with the verdict, and the defendant sued out this writ of error to reverse it.

George Sutherland, for plaintiff in error.

Frank Hoffman, for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

SANBORN, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The difference between causes of action at law and in equity is matter of substance, and not of form. In the national courts the in-

eradicable distinction between them is as sedulously preserved in the forms and practice available for their maintenance as it is in the natures of the causes themselves and in the principles upon which they rest. A legal cause of action may not be sustained in equity, because there is an adequate remedy for the wrong it presents at law, and it is only when there is no such remedy that a suit in equity can be maintained. Equitable causes and defenses are not available in actions at law, because they invoke the judgment and appeal to the conscience of the chancellor, and the free exercise of that judgment and conscience is forbidden in actions at law by the rule which entitles either party to a trial of all the issues of fact by a jury. In the federal courts an action at law cannot be maintained in equity, nor is an equitable cause of action or an equitable defense available at law. Bagnell v. Broderick, 13 Pet. 436, 10 L. Ed. 235; Foster v. Mora, 98 U. S. 425, 428, 25 L. Ed. 191; Scott v. Armstrong, 146 U. S. 499, 512, 13 Sup. Ct. 148, 36 L. Ed. 1059; Lindsay v. Bank, 156 U. S. 485, 493, 15 Sup. Ct. 472, 39 L. Ed. 505; Schoolfield v. Rhodes, 82 Fed. 153, 155, 27 C. C. A. 95, 97; Davis v. Davis, 72 Fed. 81, 83, 18 C. C. A. 438, 440.

The parties to this action framed their pleadings and argued this case in utter disregard of the long established rule to which we have adverted. The plaintiff pleaded a perfect cause of action in ejectment, and prayed for possession of the premises and an injunction against their continued use by the defendant. The defendant, by its answer, admitted that it had unlawfully entered upon the premises in dispute, and denied nothing essential to the maintenance of the plaintiff's action but his ownership of the property. Plaintiff proved his title, and rested. Defendant then offered to prove the value of the strip of land on which its tramway rested. The court refused to permit it to do so, and instructed the jury to return a verdict for the plaintiff. The judgment upon that verdict is presented for our consideration by writ of error. If the pleadings in this action had been carefully examined at the opening of the trial, a grave doubt might have arisen whether this was an action at law or a suit in equity. But the subsequent proceedings of the parties have settled that question. One who consents to the hearing in equity of a legal cause of action, or to the trial of an equitable cause of action at law, is thereby estopped from successfully objecting for the first time in an appellate court to the method of trial which he adopted. Schoolfield v. Rhodes, 27 C. C. A. 95, 99, 82 Fed. 153, 157; Hooven, Owens & Rentschler Co. v. John Featherstone's Sons, 111 Fed. 81, 86, 49 C. C. A. 229, 234; Preteca v. Land Grant Co., 1 C. C. A. 607, 50 Fed. 674; Railway Co. v. Harris, 12 C. C. A. 598, 601, 63 Fed. 800, 803; Railway Co. v. Phillips, 13 C. C. A. 315, 319, 66 Fed. 35, 40; Tyler v. Savage, 143 U. S. 79, 12 Sup. Ct. 340, 36 L. Ed. 82; Reynes v. Dumont, 130 U. S. 354, 395, 9 Sup. Ct. 486, 32 L. Ed. 934; Scott v. Armstrong, 146 U. S. 499, 512, 13 Sup. Ct. 148, 36 L. Ed. 1059; Hollins v. Iron Co., 150 U. S. 371, 14 Sup. Ct. 127, 37 L. Ed. 1113. The defendant consented to the trial of its case at law and by a jury, and it is now too late for it to claim that this was a suit in equity. Moreover, it has brought the case to this court by a writ of error, and not by an

appeal. The acts of congress give to defeated litigants in the national courts the right to a review of final judgments at law against them by writs of error and a right to a review of final decrees in equity by appeals. These acts grant the power and fix the jurisdiction of the federal appellate courts. A decree in equity cannot be reviewed by a writ of error, nor can a judgment at law be challenged by an appeal. Rev. St. § 699; Hooven, Owens & Rentschler Co. v. John Featherstone's Sons, 111 Fed. 81, 86, 87, 49 C. C. A. 229, 234, 235; McCollum v. Eager, 2 How. 61, 11 L. Ed. 179; Sarchet v. U. S., 12 Pet. 143, 9 L. Ed. 1033; Ballance v. Forsyth, 21 How. 389, 16 L. Ed. 143; Walker v. Dreville, 12 Wall. 440, 20 L. Ed. 429; Bondurant v. Watson, 103 U. S. 278, 26 L. Ed. 447; Ex parte Ralston, 119 U. S. 613, 7 Sup. Ct. 317, 30 L. Ed. 506; Stevens v. Clark, 62 Fed. 321, 323, 10 C. C. A. 379, 381. The defendant, by trying its case to a jury as an action at law, and by bringing it to this court by writ of error, is estopped from claiming that the action was a suit in equity; and the questions it presents must be heard and decided in this court in accordance with the rules of law applicable to the method of trial adopted below and to the method of review which the plaintiff in error has chosen.

A writ of error challenges the rulings of the trial court upon questions of law, and those rulings only. The only complaint of the action of the court below is that it refused to permit the defendant to prove the value of the strip of land occupied by the tramway, and that it instructed the jury to return a verdict for the plaintiff. The admissions of the answer and the patent which the plaintiff offered in evidence conclusively established his right to the possession of the premises in the absence of countervailing evidence. Counsel for the defendant invoke the rule that, where the owner of land has knowingly permitted a corporation that is entitled to exercise the right of eminent domain to construct and put in operation its railway, tramway, or other improvement upon his property, he is thereby estopped from recovering possession of the property occupied, and is restricted to his judgment for just compensation. Buckwalter v. Railway Co. (Kan.) 67 Pac. 831, 832, and cases there cited. Conceding, without deciding, the soundness of this rule, and its applicability to the case at bar, there are two insuperable objections to a reversal of this judgment on its account. In the first place, the estoppel upon which counsel relies is an equitable, and not a legal, one. It is not an estoppel of record, but an estoppel in pais. The defense which he founds upon it is not a defense at law, but a defense in equity; and an equitable defense, as we have seen, is not available in the federal courts in an action at law. The remedy of the defendant is a bill in equity to restrain the action at law until the equities of the defendant can be considered. In Bagnell v. Broderick, 13 Pet. 436, 10 L. Ed. 235, which was an action of ejectment in which equitable titles were pleaded in defense, the supreme court said: "The equity side of the circuit court is the proper forum, and a bill the proper remedy, to investigate the equities of the parties." And in Foster v. Mora, 98 U. S. 425, 428, 25 L. Ed. 191, that court declared: "In actions of ejectment in the United States courts the strict legal title prevails. If there are equities

which would show the right to be in another, these can only be considered on the equity side of the federal courts." In the second place, under the statutory practice in actions at law in the state of Utah, the equitable defense which was pleaded in the answer stood denied. Rev. St. Utah 1898, § 2981. It was not established by the evidence, and the record contains no offer to establish it. The defendant offered to prove nothing but the value of the strip it was occupying. The bill of exceptions does not disclose upon what ground the court refused to permit the introduction of this evidence, and in this state of the case, if there was any ground upon which its ruling could have been legally sustained, the presumption is that it rests upon that basis. That ruling may well have been sustained upon the ground that there had been no evidence offered or introduced to establish the proposition that it was necessary for the defendant to use the premises it was occupying, or any part of the property of the plaintiff, for the purpose of conducting its mining and smelting operations. It is always an indispensable prerequisite of the right to exercise the power of eminent domain over the property of an owner of real estate to show that it is necessary to use his property to carry on the business of the quasi public corporation which seeks it. Mining Co. v. Seawell, 11 Nev. 394; Mining Co. v. Corcoran, 15 Nev. 147, 154. There was no proof, and no offer of proof, that it was necessary to use any portion of the property of the plaintiff to conveniently conduct the business of the defendant. In the absence of this and other evidence which would warrant this company in exercising its right of eminent domain, if it has that right, there was no error in the refusal of the court to permit it to prove the value of this property, nor in its instruction to the jury to return a verdict for the plaintiff. The mere acquiescence of the owner of property in the continuing trespass of a wrongdoer does not deprive him of his right to maintain ejectment for the possession of his property at any time within the limit prescribed for such actions by the statutes of his state. The value of the property was not relevant to the plaintiff's claim for damages, because he had withdrawn that claim.

There was no error in the trial of this case, and the judgment below is affirmed.