## KUALA *v.* KUAPAHI.

### APPEAL FROM CIRCUIT JUDGE, FIFTH CIRCUIT.

SUBMITTED APRIL 28, 1903.    DECIDED NOVEMBER 19, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

In an equity suit to quiet title, in which the plaintiff relies on adverse possession, an objection that the title had not previously been determined at law, comes too late when made for the first time in this court and this court should not of its own motion dismiss the bill because of such alleged want of equity.

#### OPINION OF THE COURT BY FREAR, C.J.

This is a bill in equity to quiet title. The plaintiff admits that the defendant has the record or paper title, but contends that she has acquired a title by adverse possession. The entire controversy, as shown by the pleadings, the evidence, the opinion of the Circuit Judge and the arguments of counsel, turns

on the question of adverse possession. The plaintiff's right or title has not been adjudicated in a court of law. If this is a proper case for equity, then any one claiming by adverse possession may have the question tried and determined in a suit in equity, however plain, complete and adequate the remedy at law may be, and may then also deprive the defendant of a trial by jury. It is clear that this is not a proper case for equity. But has not the question as to whether equity should act in this case been waived by the failure of counsel to raise it, and should this court notice it of its own motion? At the request of the court, counsel have filed supplementary briefs on these points. The defendant, it is true, suggested a want of jurisdiction in his answer and in his notice of appeal, but it does not appear that these suggestions were based on this ground and apparently they were abandoned.

It seems to be pretty well settled that, as it is variously expressed, although neither consent nor negligence will confer jurisdiction in equity where none really exists, yet, when the case is not wholly foreign to equity jurisdiction, when it is not on its face such that equity could have no jurisdiction over it, as, for example, an action to recover damages for an assault, or for a libel or slander, when the defect is a want of equity and not a want of power, when the objection is merely that a plain, adequate and complete remedy at law exists or that equity is without jurisdiction in the particular case merely for some special reason or the absence of some particular element, when equity is competent to grant the relief sought and has jurisdiction of the subject matter, when the case is not without traces of equity jurisdiction, the question of the alleged want of jurisdiction may be waived and will be deemed to have been waived if not raised until the case comes to the appellate court. The latest case by the highest court in the land holding this way, that has come to our notice, is *Detroit v. Detroit Cit. St. R. Co.,* 184 U. S. 368, 381. See also *Reynes v. Dumont,* 130 U. S. 354, 395; *Kilbourn v. Sunderland,* 130 U. S. 505, 514; *Brown v. Lake Sup. I. Co.,* 134 U. S. 530; *Tyler v. Savage,* 143 U. S. 79, 97; *In re Tyler,* 149 U. S. 164, 181; *Hollins v. Brierfield*

*C. & I. Co.,* 150 U. S. 371, 381; *Insley v. U. S.,* 150 U. S. 512,
515; *Pollock v. Farm L. & T. Co.,* 157 U. S. 429, 554; *Foltz
v. St. L. & S. F. R. Co.,* 60 Fed. 316, 322; *Reynolds v. Wat-
kins,* 60 Fed. 824, 825; *Un. P. R. Co. v. Harris,* 63 Fed. 800,
803; *Elder v. M'Claskey,* 70 Fed. 529, 555; *Guar. Co. v. Mec.
S. B. & T. Co.,* 80 Fed. 766, 772; *Waterloo M. Co. v. Doe,* 82
Fed. 45, 49; *Schoolfield v. Rhodes,* 82 Fed. 153, 157; *N. Y. &
T. L. Co. v. Gulf W. T. & P. R. Co.,* 100 Fed. 830; *C. C. C.
& St. L. R. Co. v. Munsell,* 192 Ill. 430; *Larch M. I. Co. v.
Garbade,* 41 Or. 123; *Haskell v. Merrill,* 179 Mass. 120; *De
Long v. Olsen,* 63 Neb. 327.

The difficulty lies chiefly in the application of the rule. In
*Lewis v. Cocks,* 23 Wall. 466, 470, which was practically an
ejectment bill to recover the possession of land, the objection
was not raised by demurrer, plea or answer, nor was it sug-
gested by counsel, and yet the appellate court noticed it *sua
sponte* and reversed the decree below and directed the dismissal
of the bill. That case has frequently been cited with approval
in later decisions of the same court cited below. See, to the
same effect, *Williams v. Fowler,* 201 Pa. St. 336; also *Allen v.
Pullman's Palace Car Co.,* 139 U. S. 658, 662, and *McConnell
v. Prov. S. L. A. Soc.,* 69 Fed. 113, 115, for other classes of
cases in which the court sustained the objection though made
for the first time on appeal.

If this were purely an ejectment bill, it mav be that this
court should dismiss it of its own motion, and perhaps the Cir-
cuit Judge should have done so as it is. But this cannot be
considered an ejectment bill. The plaintiff alleges that she is
in possession and on the whole that must be regarded as the fact.
It seems to be practically undisputed that she and her predeces-
sors in title and those claiming under them were in exclusive
possession from 1869 to September 6, 1902. Just what the
status was from the latter date to the fourth of the following
month, when this suit was brought, is not quite clear. It seems
to be conceded that the plaintiff was in possession during a por-
tion at least of those intervening few weeks, including the last
portion when the suit was brought. Apparently the defendant

claimed that he entered on the sixth of September and remained in possession, with the plaintiff for at least a part of the time, until the suit was brought, though it does not appear how far his claim was based on fact. The Circuit Judge found as a fact that the plaintiff was in possession up to the time of trial and such finding is sustained by the evidence. Under these circumstances we must hold that equity was not wholly without jurisdiction and that the mere fact that the title had not first been adjudicated at law cannot avail the defendant at this stage. See *Perego v. Dodge,* 163 U. S. 160, 164; *Lone Jack Min. Co. v. Megginson,* 82 Fed. 89, 91; *Preteca vs. Maxwell Land Grant Co.,* 50 Fed. 674, 676; *Stout v. Cook,* 41 Ill. 447; *O'Hara v. Parker,* 27 Or. 156; *Culver v. Rodgers,* 33 Oh. St. 537.

As to the merits of the case the question is merely one of fact and the findings of the Circuit Judge appear to be sustained by the evidence. It will serve no useful purpose to review the evidence at length.

The decree appealed from is affirmed and the case remanded to the Circuit Judge.

*Robertson & Wilder* and *M. F. Prosser* for plaintiff.

*S. K. Kaeo* and *A. G. Correa* for defendant.