## BURLEY v. FLINT.

A sale under a decree of foreclosure ordering that the mortgaged premises in Illinois be sold without any right of redemption was confirmed by the proper court. After the expiration of the time, within which the defendant was, under the statute, entitled to redeem, he, without leave, filed his bill praying that so much of the decree as excluded that right be reviewed and reversed. *Held*, that the bill was properly dismissed.

APPEAL from the Circuit Court of the United States for the Northern District of Illinois.

The facts are stated in the opinion of the court.

*Mr. Francis H. Kales.* for the appellant.
*Mr. E. B. McCagg* for the appellee.

MR. JUSTICE MILLER delivered the opinion of the court.

Flint obtained, on the 19th of October, 1877, a decree foreclosing a mortgage against Kriegh, the mortgagor, Burley, his assignee in bankruptcy, and others. The decree ordered a sale according to the usual course and practice of the court, which, in the case of *Brine* v. *Insurance Company.* (96 U. S. 627), we held to mean a sale without any right of redemption. Such a sale was made to Flint. An order confirming it, and for a deed, and the delivery of possession, and expressly cutting off all right of redemption, was entered by the court on the 13th of March, 1878, with a further decree against the assignee for payment, out of assets *pro rata*, of a balance not satisfied by the sale.

On the seventeenth day of October, 1879, Burley filed in the same court, but without leave, a bill of review, seeking to reverse so much of the former decrees of the court as denied the statutory right of redemption given by the laws of Illinois in regard to the land sold under such decrees.

A hearing was had on a motion to dismiss, which, by consent of counsel, as the record states, was to be treated also as a demurrer. The court dismissed the bill, from which order this appeal is prosecuted by Burley.

The appellant in his bill does not seek to reverse the order of sale to satisfy the amount found due to Flint, nor ask that ·

the sale thereunder be set aside, and a new sale ordered. He does not offer to redeem, by payment of the amount due on the original mortgage, or to pay the amount bid at the sale by Flint, nor tender any sum as assurance that he will do so. He simply and purely asks that so much of the decree as forecloses this statutory right to redeem may be reviewed and reversed.

What will such an order avail him? The decree and the sale under it will still stand good. The time within which a defendant can, by the statute of Illinois, redeem, has long since passed, and he has made no offer to redeem. The sale was made prior to Feb. 23, 1878, the date of the master's report, and the present bill filed Oct. 17, 1879, twenty months afterwards, and at a time when, by the statute, both the defendant and his judgment creditors had ceased to have any right of redemption.

If the appellant had appealed from the original decree to this court his remedy was plain, and the decree would have been reversed. The same result would probably have followed an appeal from the order confirming the sale and cutting off the right to redeem. He did not see proper to follow such a course, but seeks by this bill of review to let the original decree and sale stand, but to have a declaration of the court that the order foreclosing the statutory right of redemption be reversed.

How can this avail him since his time for redemption had expired before he filed his bill? It would be of no use to him unless the court should go further, and make a decree that he *now* has the right to redeem in the same manner as if he had tendered the money within the twelve or the fifteen months which the law allowed for that purpose.

We do not think the court should decree that he may now redeem on payment of the sum bid and interest. If he designed to avail himself of the right of redemption purely statutory, he should bring himself within the terms of the statute.

Such is the view of a case precisely similar taken by the Supreme Court of Illinois.

That court, in the case of *Suitterlin* v. *The Connecticut Mutual Insurance Co.* (90 Ill. 483), while recognizing the doctrine of the case of *Brine* v. *Insurance Company*, holds that the party

seeking to redeem under such a decree and sale as the one before us, can do so by making the offer within the time prescribed by the statute, and cannot do so afterwards. We concur in that view.

*Decree affirmed.*

MR. JUSTICE GRAY did not sit in this case, nor take any part in deciding it.