NATIONAL NICKEL CO. v. NEVADA NICKEL SYNDICATE, Limited.

(Circuit Court of Appeals, Ninth Circuit. October 14, 1901.)

No. 693.

1. EJECTMENT—DEFENSES—EQUITABLE ESTOPPEL.

The defense of an equitable estoppel may be made in an action in ejectment in a court of the United States.

2. ESTOPPEL—JUDICIAL SALE—FAILURE OF DEFENDANT TO OBJECT TO ERRONEOUS PROCEDURE.

A defendant in a foreclosure suit in a federal court, who was served with copies of the decree and order of sale, and of the motion for confirmation of the sale made thereunder, and made no objection to such confirmation, and took no appeal therefrom or from the decree, and who was also served with notice of an application by the purchaser for a writ of assistance, and made no objection to its issuance, but submitted to an eviction thereunder, is estopped to attack the purchaser's title on the ground that the notice of sale provided for by the decree, and which was followed in making the sale, did not conform to the requirements of the federal statute governing such sales.

3. JUDGMENT—PERSONS CONCLUDED—COLLATERAL ATTACK.

The defendant in a foreclosure suit, in which the court had jurisdiction of the parties and the subject-matter, and who took no appeal from the decree or order confirming the sale made thereunder, is concluded thereby, and cannot attack the same collaterally by an action in ejectment against the purchaser to recover the property.

In Error to the Circuit Court of the United States for the District of Nevada.

This case is brought into this court upon writ of error to reverse the judgment of the United States circuit court for the district of Nevada, entered in favor of the defendant in error in an action in ejectment. 106 Fed. 110. The plaintiff in error was the owner and in possession of certain lands and

mining claims situated in the state of Nevada. This property was mortgaged to the defendant in error. In a foreclosure suit on said mortgage a decree was entered on August 12, 1899, directing the sale of the property by a special master duly appointed for that purpose. Nevada Nickel Syndicate v. National Nickel Co. (C. C.) 96 Fed. 133. On August 15, 1899, a certified copy of this decree of foreclosure and sale was personally served upon the managing agent of the plaintiff in error and upon its attorney. This decree was erroneously drawn, in that it followed the provisions of the state statute with respect to the time of advertisement, requiring publication for 20 consecutive days, instead of the provisions of the United States statute, which directed publication once a week for four weeks. The property was advertised for sale in accordance with the decree, and the sale made on December 9, 1899; the defendant in error becoming the purchaser of the property, and receiving from the special master a certificate of sale. The sale was in due time confirmed by the court, after notice to the plaintiff in error, and, no redemption of the property having been made within the statutory period, the special master on the 3d day of August, 1900, executed a deed of the property involved to the defendant in error, in conformity with said decree of foreclosure and order confirming said sale. In the meantime, on December 13, 1899, the defendant in error had been put in possession of the property by a writ of assistance. The plaintiff in error brought this suit in ejectment against the defendant in error on September 12, 1900, to recover possession of the property. The defendant in error, in its amended answer, sets up as a defense to the action the decree of foreclosure and sale above described; the sale of the property as made by the special master appointed by the court after due notice to the plaintiff in error; the conveyance of the property by the special master to the defendant in error by deed of conveyance duly acknowledged, after the period for redemption had expired; the application of the defendant in error to the court for a writ of assistance after notice to the plaintiff in error that such application would be made; the hearing of the application by the court; the action of the court ordering the writ to issue, and the execution of the writ; the ejection of the plaintiff in error from the premises, property, and real estate described in the complaint in the present action; and the entry and possession of the defendant in error. To this amended answer the plaintiff in error interposed a demurrer on the general ground that the facts stated in the answer did not constitute a defense to the action, and demurred specifically to that part of the answer relating to the provisions of the decree providing for a writ of assistance, the action of the court in issuing the writ, the ejection of the plaintiff in error, and the entry and possession of the defendant in error under said writ. The special demurrer is placed upon the ground that the defendant is not entitled to plead or set up an equitable defense or a right in equity as a defense to the action. The cause proceeded to trial, resulting in a judgment in favor of the defendant in error. Plaintiff in error now seeks to reverse this judgment. The assignments of error are directed to the action of the lower court in overruling the demurrer of the plaintiff in error to the amended answer of the defendant in error, and to the admission in evidence against the objection of the plaintiff in error of the following documents, to wit: The order confirming the sale as made by the special master under the decree, the duplicate certificate of sale, the writ of assistance, the affidavit upon which the same was granted, the return of the United States marshal thereon, and the deed executed and delivered to the defendant in error by the special master, conveying to the defendant in error the property described in this action. These alleged errors are all based upon the proceedings had pursuant to the provisions of the decree directing the special master, before making the sale of the property, to post and publish notices of the sale for the period of 20 days, instead of for the period of 4 weeks, as required by the act of March 3, 1893 (27 Stat. 751).

G. W. Baker and T. V. Cator, for plaintiff in error.

W. E. F. Deal and Edmund Tauszky, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge, after stating the foregoing facts, delivered the opinion of the court.

The demurrer to the answer was properly overruled. The general rule that in actions in ejectment in United States courts the strict legal title prevails, to the exclusion of an equitable defense, as stated in Hickey v. Stewart, 3 How. 750, 11 L. Ed. 814, and Foster v. Mora, 98 U. S. 425, 25 L. Ed. 191, is subject to certain well-defined exceptions. One of these is the defense of an equitable estoppel. This defense was sanctioned by the supreme court of the United States in Kirk v. Hamilton, 102 U. S. 68, 26 L. Ed. 79, and in some of its features that case is like the present one. The action was ejectment brought in the circuit court for the District of Columbia in 1872 by Kirk to recover possession of certain lots of land in the city of Washington. In 1859 a suit in equity had been commenced against Kirk and others to obtain satisfaction of several unpaid judgments against Kirk. The action resulted in a decree and an order in 1860 that the lots described in the bill should be sold, or so much thereof as might be necessary for the payment of the complainant's claim, and others who might come in as creditors of the said Kirk by petition in the manner and form required by law and the practice of the court. A trustee was appointed to sell the property, who sold one lot, the proceeds of which were sufficient to satisfy the claims provided for in the bill and decree, leaving a surplus in the hands of the trustee. The sale was confirmed by the court in October, 1862. In November, 1863, certain creditors of Kirk filed petitions seeking the payment of numerous judgments and claims against him. After publication of notice of these claims against Kirk and his codefendants, and no one appearing to answer the demands, they were taken as confessed, and referred to the auditor of the court, with instructions to state the trustee's account and make distribution of the balance of the fund in his hands. A report of distribution was made, showing that judgments and claims had been proven in excess of the fund remaining in the hands of the trustee. The report was approved by the court in 1864, and thereupon the trustee, without any further order, and by virtue of the original decree of 1860, advertised and sold at public auction the premises afterwards involved in the ejectment suit. The sale was confirmed by the court, and the cause referred to the auditor to state the account of the trustee, and report a distribution of the proceeds of this last sale. The report showed that upon this reference Kirk had appeared by counsel, and, not admitting the simple contract debts, had required that before they should be allowed by the auditor they should be established by competent proof. No such proof appears to have been offered. The report was confirmed, and, the purchase money having been paid, the trustee conveyed the premises to Hamilton, who thereupon went into possession, and was afterwards made the defendant in the ejectment suit. In this last suit the plea of the defendant was, "Not guilty," and upon the trial, to sustain his defense, he offered in evidence the record in the equity suit. The plaintiff objected that the record of that suit was insufficient in law to maintain the issue on defendant's behalf. The

record was admitted. The verdict of the jury and judgment of the court were in favor of the defendant. The case was taken to the supreme court of the United States upon a bill of exceptions, which in various forms presented the question whether the sale of the property by the trustee in 1864 was not a mere nullity. Among other objections, it was urged that the circuit court was entirely without jurisdiction to make a second order of sale, and did not in fact assume to exercise any such power, and that, the second sale by the trustee having been made without any previous order of the court, its confirmation and the deed subsequently made to Hamilton were absolutely null and void. The court held that it was unnecessary to pass upon these several objections; that if it were assumed that the record in the equity suit was of itself insufficient in law to devest Kirk of title to the premises in dispute, or to invest Hamilton with title, the question would still remain whether the facts disclosed by the bill of exceptions did not constitute a defense to the action. In referring to these facts, the court said:

"After the confirmation of the sale of April 19, 1864, before any deed had been made, and while the cause was upon reference for a statement as well of the trustee's accounts as for distribution of the fund realized by the sales, Kirk, it seems, appeared before the auditor, by an attorney, and made objection to the allowance of the simple contract debts which had been proven against him in his absence. So far as the record discloses, no other objection to the proceedings was interposed by him. Undoubtedly he then knew—he must be conclusively presumed to have known, after he appeared before the auditor—all that had taken place in that suit during his absence from the District, including the sale of the premises in dispute, which took place only a few months prior to his appearance before the auditor. If that sale was a nullity, the court, upon application by Kirk, after his appearance before the auditor, could have disregarded all that had been done subsequently to the first sale, discharged Hamilton's bond, returned the money he had paid, and in addition placed Kirk in the actual possession of the property. No such application was made. No such claim was asserted. No effort was made by him to prevent the execution of a deed to the purchaser at the second sale. So far as the record shows, he seemed to have acquiesced in what had been done in his absence."

These and other acts of the plaintiff of a like character were deemed by the court to amount to an equitable estoppel, and, as such, constituted a defense to the action, notwithstanding the sale may have been a nullity, and the plaintiff entitled to repudiate it as a valid transfer of his right of property. This case, upon the facts stated, is an authority in the present case, and disposes of the question as to the right of the defendant to set up an equitable defense to the cause of action; and it also determines the admissibility of the evidence to which objection was made, and the sufficiency of such evidence to establish an equitable estoppel. In the present case the special master carried out the directions of the decree of foreclosure and order of sale, including the direction as to the publication of the notice; and the sale was made to the defendant in error, and confirmed by the court, in accordance with the terms of the decree. It is conceded by the court below, and cannot be denied, that, had the plaintiff in error made objection to the order of sale at the proper time, the court would have been obliged to modify the decree, and order the sale of the property upon notice published and posted as required

by the act of congress; and even after sale the objection would still have been good, had it been made at any time before confirmation by the court. But although both the attorney and managing agent of the plaintiff in error were duly served with copies of the decree of foreclosure and order of sale, and were given prior timely notice of the hearing of the motion for confirmation of the sale, the plaintiff in error took no steps whatever toward obtaining a correction of the mistake in the method of advertisement; and it was not until some six months after the decree of confirmation had been entered, and a like period after the defendant in error had been placed in possession of the property as a purchaser at the foreclosure sale, that the attention of the court was called to the act of congress, and a motion made by the plaintiff in error to vacate the sale of the special master. The law does not permit a party to stand by in silence while judicial proceedings are in progress affecting his rights, and withhold objections to erroneous procedure until other rights have intervened, and then challenge their validity on account of such erroneous procedure. He who has been silent as to his alleged rights when he ought in good faith to have spoken shall not be heard to speak when he ought to be silent. Bank v. Lee, 13 Pet. 107, 10 L. Ed. 81.

The present action is subject to the further objection that it is a collateral attack upon the decree in the equity case, wherein the plaintiff in error has had his day in court. The plaintiff in error was the defendant in the action of foreclosure. The court had jurisdiction of the cause of action and of the defendant, and, although all the proceedings prior to the decree were closely contested, no appeal was taken by the plaintiff in error from the decree of foreclosure, or from the order confirming the sale. There has, therefore, been a final determination of all the issues of that case, and one of the issues so determined was the regularity of the proceedings resulting in the sale of the property. The general and well-settled rule of law in such case is that when the proceedings are collaterally drawn in question, and it appears upon the face of them that the subject-matter was within the jurisdiction of the court, they are voidable only. The errors and irregularities, if any exist, are to be corrected by some direct proceeding, either before the same court to set aside such faulty proceedings, or in an appellate court. Thompson v. Tolmie, 2 Pet. 157, 163, 7 L. Ed. 381; Voorhees v. Bank, 10 Pet. 469, 9 L. Ed. 490; Cooper v. Reynolds, 10 Wall. 308, 319, 19 L. Ed. 931; Burley v. Flint, 105 U. S. 247, 26 L. Ed. 986.

The judgment of the circuit court is affirmed.