CHEATHAM et al. v. EDGEFIELD MFG. CO.

(Circuit Court, D. South Carolina. July 14, 1904.)

1. PLEADING—IRRELEVANT MATTER—DEMURRER—MOTION TO STRIKE.

Where, in ejectment, certain paragraphs of the answer objected to alleged facts constituting a legal defense as mere inducement to other facts pleaded as an equitable estoppel, the entire paragraph might be attacked by demurrer, instead of by motion to strike the facts pleaded as such estoppel.

2. FEDERAL COURTS—EJECTMENT—EQUITABLE DEFENSES—ESTOPPEL.

Facts constituting an equitable estoppel may be pleaded as a defense to an action of ejectment in the federal courts.

J. P. K. Bryan, for plaintiffs.
H. A. M. Smith, for defendants.

BRAWLEY, District Judge. Motion is made to strike out certain portions of the answer as irrelevant to the issues in this action. The action is for ejectment and to recover possession of a certain tract of land in Edgefield county, which plaintiffs claim under the will of their father, Charles A. Cheatham. Numerous defenses are pleaded, which, under the practice, is permissible. Among others, the fifth defense alleges that the tract of land was sold under and by virtue of a judgment duly entered in certain proceedings, to which plaintiffs were parties, in the court of common pleas for Edgefield county, and conveyed to the grantor of the defendant company on January 25, 1876.

The sixth defense is a repetition of the fifth in part, and to it is added the following:

"That the said judicial proceedings in which said premises were sold as aforesaid were proceedings instituted in the court of common pleas for Edgefield county for the purpose of subjecting the estate of the late Charles A. Cheatham to the payment of his debts, and under the said proceedings a certain portion of the proceeds of sale of the real estate (including the land and premises mentioned and described in the said third article of the complaint herein) of the said Charles A. Cheatham was set aside and applied to the purchase of a homestead for the benefit of the widow and children (to wit, the two plaintiffs herein) of the said Charles A. Cheatham. That the said plaintiffs have enjoyed the benefit of the said homestead so purchased with the said proceeds of sale, and have lately sold the said homestead so purchased, or a portion thereof, and used and applied to their own benefit the proceeds of sale thereof, and have thereby, as this defendant alleges, ratified, approved, and confirmed in all respects the action of the court in making said sale, and the said sale made thereunder, to the grantor of this defendant, of the lands and premises described in the said third article of said complaint, and are now estopped to deny the title of this defendant thereto."

The seventh defense likewise alleges the judicial sale, and adds:

"And that the plaintiffs, and both of them, well knew that this defendant and their grantors claimed and were in possession of the said lands and premises under a sale made in an equity suit to which they, the said plaintiffs, were originally parties; that they have for years remained silent while the defendant has been in possession of the said premises, and while said defendant and its grantors have expended large sums in the improvement of said premises, during all of which period, and while this defendant and its grantors were in possession and expending large sums in the improving of said premises, plaintiffs, and each of them, have forborne to raise any question whatever as to the validity of the title of this defendant, and by their conduct, and the conduct of each of them, they have indicated their purpose not to make any issue in reference thereto, and upon the faith of which conduct on the part of the plaintiffs this defendant and their grantors have acted. Whereby said plaintiffs, and each of them, are now estopped to dispute or deny the title of this defendant to the said land and premises."

The eighth defense, after stating the judicial sale, says:

"And that the proceeds of said sale were applied to the payment of the debts and liabilities of Charles A. Cheatham, the father and devisor of the plaintiffs, and in especial to the payment of a mortgage for the purchase money made upon the said premises by the said Charles A. Cheatham in his lifetime; and that the benefits of such payments so made and inuring to the plaintiffs have been accepted and acquiesced in by the plaintiffs, who are thereby now estopped to deny the title of this defendant to such premises and tract of land."

Under the Code of South Carolina irrelevant or redundant matter in a pleading may be stricken out on motion, and an allegation is irrelevant when the issue formed by its denial can have no connection with or effect upon the cause of action. The first case relied upon by counsel for plaintiffs is Buist v. Salvo, 44 S. C. 143, 21 S. E. 615, which held that a demurrer cannot be sustained which is good only as to some of the paragraphs of the complaint; and as it is claimed that the first paragraph in each of these separate answers states a legal defense the motion is to strike out those paragraphs which are in the nature of equitable estoppels. The next case cited is Harman v. Harman, 54 S. C. 100, 31 S. E. 881, which does not seem to have any special bearing; and Lawson v. Gee, 57 S. C. 502, 35 S. E. 759, which indicates that, where parts of a defense are irrelevant, the proper practice is a motion

to strike out, a demurrer is not the proper practice when it is only as to certain paragraphs of the defense. Allan v. Cooley, 60 S. C. 370, 38 S. E. 622, and Ragsdale v. Southern Railway, 60 S. C. 381, 38 S. E. 609, and Marion v. City Council (S. C.) 47 S. E. 140, all go to sustain the contention that the proper practice in cases of this nature is that pursued by plaintiffs. This view is undoubtedly correct if the first paragraph in the sixth, seventh, and eighth defenses is to be taken as setting up a purely legal defense, for the allegations of equitable estoppel set up in the paragraphs sought to be stricken out are not necessary to support the legal defense, and should not be blended with it; but the reference to the legal proceedings as stated in each of these separate defenses is not to be so interpreted. That legal defense is stated separately in the fifth defense, and, of course, if sustained, will be a bar to this action. The reference to these proceedings in the sixth, seventh, and eighth defenses is by way of inducement merely. They refer to the legal proceedings with a view of bringing home to the defendant certain knowledge, and then allege certain facts which constitute an estoppel en pais, upon which the defendant would rely as a defense even if the judicial proceedings were a nullity. If this view of these separate defenses is correct, it would seem that a demurrer would lie to the whole, but it is of little consequence in this case whether the motion should be considered as one to strike out certain allegations or as a demurrer to the whole separate defense. In neither view can it be sustained. The motion rests upon the ground that in actions of ejectment in the courts of the United States the strict legal title must prevail, and that any equities should be considered only on the equity side of the court. Undoubtedly that is the general rule, and it is so held in Foster v. Mora, 98 U. S. 428, 25 L. Ed. 191, and in other cases relied upon by the learned counsel for plaintiffs; but to this rule there are well-defined exceptions, and the allegations of equitable estoppel sought to be stricken out fall within these exceptions. In Dickerson v. Colgrove, 100 U. S. 578, 25 L. Ed. 618, where the purchaser of land in Michigan, which had descended to a sister living in that state and a brother who was resident of California, and who had bought from the sister and her husband with covenants of general warranty, after learning of the brother's interest, wrote to him concerning it. The brother wrote to the sister, saying:

"You can tell D. for me he need not fear anything from me; you can claim all there; this letter will be enough for him. I intend to give you and yours all my property there and more if you needed it."

Upon the contents of this letter becoming known to D., he conveyed the lands, for a valuable consideration, to others, who had occupied and improved them. The brother subsequently sued in ejectment, and the court held that the letter above referred to was an estoppel en pais, which precluded him from setting up a claim to the land, and was an available defense to the action. It says:

"The vital principle is that he who, by his language or conduct, leads another to do what he would not otherwise have done, shall not subject such person to loss or injury by disappointing the expectations upon which he acted."

It discusses the question at some length, and directly decides that in a case like that the defense may be made at law. In Kirk v. Hamilton, 102 U. S. 68, 26 L. Ed. 79, where the plaintiff, having knowledge that defendant, who claimed under a judicial sale, was expending money and making improvements on the premises, and had asserted no title thereto while that was going on, was held to be estopped from maintaining his action; and this independently of the question whether a sale by the trustee and its confirmation by the court was itself a valid, binding transfer of the title to the purchasers; the court saying:

"He was silent when good faith required him to put the purchasers on guard. He should not now be heard to say that that is not true which his conduct unmistakably declared was true, and upon the faith of which others acted."

These cases, decided since Foster v. Mora, are directly to the point that an equitable estoppel may be set up as a defense in cases of ejectment in courts of law of the United States, and are conclusive of the question. They have been repeatedly followed. Berry v. Seawall, 65 Fed. 753, 13 C. C. A. 101; City of Cleveland v. Cleveland, etc., Railway Company (C. C.) 93 Fed. 123; National Nickel Company v. Nevada Nickel Syndicate, 112 Fed. 46, 50 C. C. A. 113.

Motion to strike out is therefore denied, with costs.