## EVANS v. RATHKE OIL CO. et al.

### No. 7680.

### Circuit Court of Appeals, Fifth Circuit.

### Jan. 28, 1936.

John B. Nicklas, Jr., of Pittsburgh, Pa., for appellant.

A. H. Britain, of Wichita Falls, Tex., for appellees.

Before FOSTER, Circuit Judge, and DAWKINS and STRUM, District Judges.

DAWKINS, District Judge.

Appellant was plaintiff below and the parties will be referred to as plaintiff and defendants, respectively. The suit is by the trustee in bankruptcy of the Hemisphere Oil Corporation (hereafter called Hemisphere) against Rathke Oil Company (hereafter called Rathke) and R. B. Melat, an individual, to set aside a receiver's sale of certain real property consisting of mineral leases, in the state of Texas. The petition consumes approximately 100 pages of the record, but is in substance an attack upon the proceedings which resulted in the sale. It is not an action to annul the judgments or decrees under which the sale was made, and as to which indispensable parties are absent. In fact, only the purchasers, who were in no wise parties to those proceedings, are made defendants. It is alleged that the Hemisphere Oil Corporation was a Nevada corporation, which was adjudicated bankrupt by the District Federal Court of that state on May 14, 1934, and subsequently proceedings for reorganization under section 77B of the Bankruptcy Law, as added by Act June 7, 1934, § 1, 48 Stat. 912 (11 U.S.C.A. § 207), were initiated, in which plaintiff was appointed trustee; that "prior" to the 5th day of February, 1932, the Decatur Oil & Gas Corporation (hereafter called Decatur) commenced an action against Hemisphere in the First judicial court of Nevada, in which a receiver, Alexander McCharles, was appointed for the latter, on the ground of insolvency, and that Hemisphere had

defaulted on its debts, including first mortgage bonds; that Hemisphere at the time owned and was operating oil properties in the county of Wilbarger, Tex.; that thereafter the person appointed receiver in the Nevada court filed in the name of Decatur in the Forty-Sixth District Court for the state of Texas, having jurisdiction over Wilbarger county, application for the appointment of an ancillary receiver of said Hemisphere and its property in the latter state, whereupon one R. N. Campbell was appointed as such receiver; that thereafter Campbell was permitted to resign on June 23, 1933, and W. H. Heinzerling was appointed instead; that on April 26, 1933, one Harry Mason was appointed as special master to investigate and report upon the affairs of Hemisphere; that at the June term of said District Court of Wilbarger county suits were filed by the state, county, and a school district for taxes against Hemisphere and Heinzerling, receiver; that said suit for taxes was consolidated with the receivership proceedings, and on June 6, 1933, the Texas court ordered all of the properties of the Hemisphere sold at private sale by the special master as commissioner; that R. W. Evans and Colonial Trust Company, Inc. (hereafter called Colonial), trustee under a bond mortgage on the property of Hemisphere, intervened in said receivership proceedings, seeking a foreclosure, sought to have the receiver discharged and the sale postponed, but the court notwithstanding permitted the sale to continue and the property was sold to defendants Rathke and Melat for the sum of $31,000; that Colonial, R. W. Evans, and R. W. Evans & Co., representing and owning first mortgage bonds of the Hemisphere, filed with the state court a petition, praying that the said sale be set aside on several grounds, including the insufficiency of the price, and that a better one would be offered; that on August 5, 1933, interveners R. W. Evans, R. W. Evans & Co., and Decatur filed a protest against the confirmation of said sale on the same grounds which were urged in the opposition to the sale, and to have it set aside, as well as others; that notwithstanding said protest, the judge of the state court entered "an interlocutory order, confirming the sale * * * which, as petitioner is informed and believes and therefore states the fact to be under the laws of Texas, was not an appealable or reviewable order," and that the said judge refused to enter a "final decree * * * to avoid a review of same by the appellate courts of Texas."

The petitioner further alleges as follows:

"Your petitioner would have brought his suit at an earlier date, but the appointment and authority was only made in July. Your petitioner believes that as an officer of the United States District Court of Nevada, that the money paid by Rathke Oil Company and R. B. Melat should be returned to them, and your petitioner here offers to return to the defendant herein $31,100.00, the amount of money which is reported to have been paid for the Hemisphere Oil Corporation and hereby makes demand upon the defendants herein, Rathke Oil Company and R. B. Melat to return the properties which they are now in possession of and which rightfully belongs to the Hemisphere Oil Corporation and a full accounting of all moneys received from said property during that said unlawful position (possession)."

The prayer is as follows:

"Wherefore, petitioner prays as follows:

"That this Court do forthwith issue citations to the Rathke Oil Company and R. B. Melat to answer herein, that the Rathke Oil Company and R. B. Melat be ordered and cited to show cause why the alleged sale of the properties of Hemisphere Oil Corporation purporting to have been made on or about the first day of August, 1933, should not be vacated, annulled, or set aside for reason and upon the grounds hereinbefore set forth and as being in fraud which was perpetrated upon the Hemisphere Oil Corporation and its creditors, and that upon a hearing respecting the same the said sale be vacated, annulled and set aside, and the Rathke Oil Company and R. B. Melat be required to return and convey the said property to this petitioner as trustee in bankruptcy, and also to account to this Court for all oil and gas obtained from said properties from the date of sale thereof. And for judgment against Rathke Oil Company and R. B. Melat for $100,000.00 (One Hundred Thousand Dollars) to cover damages and loss due Hemisphere Oil Corporation by reason of the unlawful possession of the properties of said corporation by these defendants.

"And your petitioner further prays for such further aid and assistance, and for such further and for additional order, judgment or decree and proceeding herein as may be necessary to accomplish or effectuate any or all of the matters and things hereinbefore set forth and prayed for, and also such further matters and things, orders and judgments as may be necessary to aid said United States District Court, for the District of Nevada, in the administration of the bankruptcy proceedings of the Hemisphere Oil Corporation, including the appointment of ancillary trustee in the State of Texas, if the same shall be required or deemed necessary."

Plaintiff quotes most of the documents and proceedings complained of at length, charges fraud and mismanagement on the part of the receivers in the state court, the master and the judge, and alleges that the state court was without jurisdiction.

The lower court sustained a motion to dismiss the petition "for lack of jurisdiction."

The assignments of error, eighteen in number, set up many of the grounds of relief contained in the petition, and also that under the amendment to the bankruptcy law of June 7, 1934, § 1, 48 Stat. 912 (section 77B for corporate reorganization [11 U.S.C.A. § 207]), a court of bankruptcy takes jurisdiction of all property, wherever situated, and regardless of whether the same is in the hands of receivers or other officers of state courts, appointed more than four months prior to the filing of the bankruptcy petition.

The lower court gave no written opinion or reasons for concluding it was without jurisdiction, but in brief counsel for appellee argue the matter on the assumption it was held the proceeding amounted to a collateral attack upon the judgments or decrees of the state court.

The character of a proceeding or pleading must be determined by the prayer for relief. The petition in this case is quite long and voluble as to matters and things done in the state court of Texas, which it is alleged rendered its orders and decrees void; but it is clear from a reading of the whole that it had jurisdiction and that all of the issues so raised were such as might have been reviewed and corrected by appeal or resort to other procedure under the state law. It is also clear that the sale was made pursuant to orders rendered in the exercise thereof, long before the amendment for corporation reorganization was passed. It is true the final order of confirmation was not entered until June 29, 1934, after passage of this amendment, but possession of the property under the sale had been delivered some nine months before the original petition in bankruptcy was filed on May 14, 1934.

The alleged grounds of invalidity of the state court proceedings might be tested on an exception of no cause of action, in an appropriate case, rather than by a plea to the jurisdiction. But in such a suit, it would be necessary to make all the parties to those proceedings in the state court defendants, instead of purchasers at the receiver's or commissioner's sale alone. Plaintiff could not ignore the judgment of the state court and attack the sale against the purchasers only. So long as those orders and judgments remain unchallenged and unaffected, they stand as a bar to the attack upon the sale to the defendants here. Thompson v. Tolmie, 2 Pet. 157, 7 L.Ed. 381; Smith et al. v. Pomeroy, Fed.Cas.No.13,092; National Nickel Co. v. Nevada Nickel Syndicate (C.C.A.) 112 F. 44; 35 C.J. p. 111, § 194. They were not void, but at most only voidable, and require a direct action to set them aside. We do not find it necessary to state or discuss in detail the grounds of attack, for, as above stated, they address themselves to the validity of the judgments and decrees of the state court rather than to the act of sale.

The judgment appealed from is affirmed.