HOOMANA NAAUAO O HAWAII, A CORPORATION, BY J. E. K. MAIA, A. L. NAKEA, D. K. DIAMOND, A. I. BRIGHT, ROBERT AKANA, J. A. HOO-KAMA, RICHARD WEEDON, C. L. KEALOHA, F. A. KAKALIA, M. K. KANEIAKALA AND ISAIA POAI *v.* W. S. J. O. MAKEKAU, J. ISE-RAELA, L. R. KEKUEWA, MRS. KAHALEWEHI BAKER, G. NICHOLAS, H. PELE, SAMUEL KE-ANU, ALEX. GEORGE AND W. E. EDMUNDS.

No. 1260.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. C. S. FRANKLIN, JUDGE.

SUBMITTED APRIL 8, 1920.                    DECIDED APRIL 20, 1920.

COKE, C. J., KEMP AND EDINGS, JJ.

CORPORATIONS—*meetings—call.*

A call of a corporate meeting in the legal sense of the term is a summons or notice to the parties entitled to meet directing them to do so.

SAME—*same—same.*

The by-laws of the corporation provide that the annual meeting may be called by the president or by the board of trustees. The board met May 11 and decided to call the meeting for July 28. The president on June 20 issued and had published a call of the convention for July 21. The board did not publish or otherwise give notice of its call until June 27. Held, that the publication of the notice constituted the call and the call of the president being published first was therefore the legal call.

SAME—*same—same.*

Where the power to call a corporate meeting is vested in either of two officials of a corporation the one first legally exercising the power in a given case does so to the exclusion of the other.

OPINION OF THE COURT BY KEMP, J.

This is an appeal from a decree of the first judge of the circuit court of the first judicial circuit dismissing the

appellants' petition for a writ of quo warranto directing the respondents-appellees to show by what authority they act and claim the right to act as trustees of the Hoomana Naauao o Hawaii, a corporation.

The petitioners-appellants claim that the annual meeting or convention of said corporation was convened July 21, 1919, pursuant to a call duly and regularly issued by the then president of the corporation and that said convention proceeded in accordance with the constitution and by-laws of the corporation to elect officers and members of the board of trustees for the ensuing year and that petitioners are the officers and trustees so elected at said convention.

The claim of the respondents is that the annual convention of said corporation was convened on July 28, 1919, pursuant to a call duly and regularly issued by the board of trustees of the corporation and that said convention proceeded in accordance with the constitution and by-laws of said corporation to elect officers and members of the board of trustees for the ensuing year and that they are the officers and trustees so elected at said convention.

Section 12 of the by-laws of the Hoomana Naauao o Hawaii provides that "The annual sessions of this association shall be called to order at the time specified in the call of the president or of the board of trustees in the month of July of each year." Section 4 of the constitution provides that the officers shall be elected by ballot from the membership defined in section 3 in July of each year in Honolulu. Both conventions met in Honolulu in July so there is no controversy raised by either party on this score.

The main contention of the parties centers around the calls for the convention, each faction claiming that the call on which it relies was first and therefore the legal

call of the convention.   The only provision relating to the calling of the annual convention is that contained in section 12 of the by-laws above quoted.   The evidence shows that on June 20, 1919, the president of the corporation caused a call of the annual convention for July 21, 1919, to be published in the Nupepa Kuokoa, a weekly newspaper published in Honolulu in the Hawaiian language, and that on June 27, 1919, the call of the board of trustees was published in the same newspaper. ' The call of the president is not dated.   The call of the board of trustees is dated June 23, 1919, but recites that it is in accordance with what was considered by said assembly during the session of January, 1919, at Kaunakakai, Molokai, and said time was approved by its board of trustees on May 11, 1919.   From these facts we see that the call of the president was published three days prior to the date of the published call of the board of trustees and one week prior to the first publication of their call, while the board of trustees, as testified to by members of said board and recited in their notice, determined or decided on May 11, 1919, to fix July 28, 1919, as the date of the convention.

Upon this state of facts the circuit judge decided that the call of the board of trustees was first and applied the principle that where two persons or courts exercise concurrent jurisdiction or power the first person or court to exercise that jurisdiction or power in a particular case does so to the exclusion of the other person or court.   He therefore decided that the convention called by the board was the duly and legally called convention and the respondents the legally elected officers and trustees. , The parties both accept the principle upon which the decision is based as correct. 'The principle is undoubtedly sound and the correctness of the conclusion reached therefore depends upon whether the facts justify the holding that

the call of the board was first. If the action of the board
on May 11, 1919, constituted a call of the convention then
there can be no question that their call was first.   On the
other hand, if as contended by the petitioners the publi-
cation of the notice constituted the call then the undis-
puted facts show that the call of the president was first
and the convention at which petitioners were elected was
the legal one and they the legally elected officers and
trustees.   In *State* v. *Hall,* 144 Pac. 475, 478, it is said
that "a call of a meeting in the legal sense of the term is
a summons or notice to the parties entitled to meet direct-
ing them to do so.   It involves something more than a
mere purpose or determination on the part of the caller.
It implies a communication of that purpose or notice to
the parties to be affected."   Practically the same language
is used in 1 Words and Phrases 944.   *P. & F. R. Ry. Co.*
v. *Com'rs. of Anderson County,* 16 Kans. 302, 307, in-
volved the question of whether a special meeting of the
board of commissioners was a legal one.   The Kansas
statute, after providing for meetings of the board in
regular sessions, adds, "and in special session on the call
of the chairman at the request of two members of the
board, as often as the interests of the county may de-
mand."   The statute does not specify whether the call
shall be verbal or in writing, how long prior to the meet-
ing it shall be made, nor does it require a record to be
made of it.   And the same is true as to the request.   The
court after calling attention to the statute says:   "But it
still requires a '*call*' and a call of a meeting in the legal
sense of the term is a summons to the parties entitled to
meet directing them to meet.   It involves something more
than a mere purpose or an expression of that purpose
unheard, unseen, and unknown.   It implies a communica-
tion of that purpose to the parties to be affected by it.
How it shall be communicated is sometimes prescribed by

statute or by by-law. It is sometimes provided that it shall be by publication in the newspaper, sometimes by printed notice served personally or at the residence, and sometimes by mere oral personal notice. But in some way or other notice must be given; and if there be no regulation as to the manner of notice it must be personal, 'at least where personal notice is practicable.' "

The only communication or notice to the parties entitled to meet of the determination of the board of trustees to call the convention for July 28 is the published notice dated June 23 and published June 27. The president's call was published June 20. Applying the principles announced by the authorities cited we are impelled to the conclusion that the publication constituted the call of the convention and that the circuit judge was not justified in holding that the call of the board of trustees was first but should have held the call of the president to be first and the convention held pursuant thereto the legal convention unless both conventions were illegal for want of proper notice.

The question of the sufficiency of notice by publication was not raised by either party in the court below and was not discussed by either party until the question was raised by us. After hearing the parties we have concluded that the question is not properly raised and should therefore not be considered by us. *Detroit* v. *Detroit Citizens' St. Ry. Co.*, 184 U. S. 368, 381; *Kuala* v. *Kuapahi*, 15 Haw. 300.

The only other question raised below and considered involved the status of the parties, it being contended by the petitioners that all of the respondents had been expelled from the church and therefore disqualified to hold office. It was also contended by respondents that some of the petitioners had been expelled from the church.

The circuit judge did not sustain either of these contentions and the parties have acquiesced in his holding.

The decree is reversed and the cause remanded.

*Watson & Clemons* for petitioners.

*Robertson, Castle & Olson* for respondents.