## MRS. KAHALEWEHI BAKER *v.* MRS. EMMA DUDOIT.

### No. 1506.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. F. ANDRADE, JUDGE.

ARGUED FEBRUARY 7, 1924.        DECIDED FEBRUARY 19, 1924.

PETERS, C. J., PERRY AND LINDSAY, JJ.

CORPORATIONS—*meetings—quorum—sufficiency.*

The ordinary rule of deliberative bodies that a majority of those qualified to attend as members shall constitute a quorum is inapplicable to a private corporation which by rule or by-law has otherwise defined a quorum.

When a corporation by its own rule has defined a quorum for the purposes of its business to be two-thirds of those who attend on the opening day, it is immaterial that a majority of those qualified to attend refuse to be present on the opening day. Those so refusing are not to be considered in determining whether a quorum is present.

OPINION OF THE COURT BY PERRY, J.

This is a petition for a writ of *quo warranto,* the main allegation being that the petitioner is the duly elected treasurer of the Hoomana Naauao o Hawaii, an ecclesiastical, eleemosynary and educational body corporate created under the laws of Hawaii and that the respondent claims to be the treasurer and is illegally exercising the powers of that office and holding the property of the corporation.

Both parties are agreed that all proceedings had at the meeting of the corporation in 1918 were valid and that the officers then elected became the officers of the corporation for the ensuing year. In 1919 two calls were issued for a meeting of the corporation, one by the Reverend J.

Kekipi Maia as president and the other by the board of trustees. This court has held (*Hoomana Naauao* v. *Makekau*, 25 Haw. 418) that the call of that year issued by the president, because earlier than the other, was the only regular and effective call and that question will not be now re-examined.

Beginning with 1919 the corporation has been divided into two factions and separate meetings have been held each year by the adherents of the two factions. The meeting of 1919 having been duly called by President Maia, the fact that some of those entitled to attend as members refused to attend can of itself be of no materiality when considering the legality of the meeting which was held by those who did attend. If those who refused to attend were in accord as to the policies to be pursued and the officers to be elected and were in a majority, their proper course was to attend and by their votes carry the measures desired by them. The rule of the organization was (No. 11) that sessions of the assembly could not be held unless there were present two-thirds "of the members who come." This is agreed by both sides to mean, freely translated, two-thirds of those who are in attendance generally speaking as distinguished from those who are in attendance at any particular session. The members of these conventions were authorized and expected to come from various islands of the group. The meetings were held in Honolulu. Evidently the rule, as translated by agreement of both parties, contemplated that business could be transacted by two-thirds of those who came to attend generally the sessions in Honolulu. Those who failed to come from the other islands or from outlying districts were not to be considered in determining the number constituting the two-thirds. This rule (No. 11) contains within itself a definition of what shall constitute a quorum for the purposes of the organization and there-

fore rule 15 providing that "wherever these rules fail to govern 'Cushing's Manual' shall govern" cannot apply.

It is contended by the complainant that although the respondent's meeting of 1919 was properly called it was not a legally constituted meeting because those who attended and took part (a) were members of one only of the affiliated churches under the jurisdiction of the corporation and (b) were less than two-thirds of the minimum possible membership of the organization. This minimum possible membership is claimed by complainant's attorney to be fifty-nine, inclusive of the various officers declared by section 3 of the constitution to be eligible. It is not expressly required by section 3 or by any other provision which has been called to our attention that all of the eligible members should attend any meeting or that there must be present members from each class of those who are eligible. The mere fact of failure to attend the respondent's meetings, if they may be so called for purposes of convenience, is immaterial. The members of the other churches were entitled to attend and if they absented themselves they did so at their own risk.

As to the plaintiff's second point above mentioned, there is ample evidence, adduced by the respondent, to show that seventeen delegates attended at the opening of the respondent's 1919 meeting, that they were all qualified to attend and that all voted in favor of the election of the officers who were elected at that meeting. We find no serious conflict in the evidence in this respect. At the respondent's 1920 meeting twenty-six delegates were in attendance and the vote for the officers then elected was unanimous. Eight other delegates attended at the opening of the convention but left soon afterwards, without taking part in the election of officers. Assuming but not deciding that these eight should be considered in the determination of a quorum the result is not affected

because the remaining twenty-six were more than two-thirds of the thirty-four. At the respondent's 1921 meeting thirty delegates were in attendance and the twenty-two who were present on the day of the election voted unanimously for the officers who were elected. At the defendant's 1922 meeting thirty-three delegates were in attendance and all voted in favor of the election of the officers who were elected. There is evidence of the due qualification of all of these members who so attended respondent's meetings in 1919, 1920, 1921 and 1922. Neither by cross-examination nor by other evidence did the complainant succeed in destroying or weakening the effect of the *prima facie* showing thus made by respondent.

The meeting held in July, 1920, by the respondent's faction was called by the board of trustees elected at the respondent's 1919 meeting; and the respondent's meetings of 1921 and 1922 were called by the president duly elected in preceding years.

Our finding is that the respondent is the duly elected treasurer of the corporation. The decree appealed from is affirmed.

*W. C. Achi* for complainant.

*C. F. Clemons* for respondent.