## SAN JUAN FRUIT COMPANY
*v.*
## PETRONA ALAMO ET AL.

Ponce, Equity, No. 1073.

Opinion filed March 13, 1924.

*E. B. Wilcox, Esq.,* for complainant.

*H. G. Molina, Esq.,* for defendant.

Odlin, Judge, delivered the following opinion:

The motion filed by counsel for defendants to dismiss the bill is based upon various grounds, the two which impress me most being, first, that the bill presents no facts justifying action by a court of equity; and second, that the complainant corporation is guilty of laches. Much might be said upon the question of laches, but I do not find it necessary to pass upon that question as to whether the bill should be dismissed upon that ground, because I am quite clear that the San Juan Fruit Company fails to set forth in its amended complaint, now before the court, facts which entitle it to equitable relief, I am positive that the remedy of the San Juan Fruit Company, if it has any, is exactly the same as it was in the year 1914, when it brought an action of ejectment in this court, being law case 1018 [7 Porto Rico Fed. Rep. 265] referred to in the present amended bill, and which it is admitted was not decided upon the merits of the conflicting titles, but was dismissed by the Honorable Peter J. Hamilton who was then the presiding judge of this court upon a motion presented to him by the counsel for the defendants upon the ground that the numerous defendants had been improperly joined in said action because it appeared that each of the numerous defendants claimed separate and distinct parcels of the land involved in the case, and that it did not appear that all of the defendants claimed all the land as tenants in common. This ruling by Judge Hamilton was clearly correct, so much so that the said San Juan Fruit Company never asked for a rehearing, or filed a motion for a new trial, or applied for a writ of error. The corporation waited until January 27th, 1921, when it instituted the present equity proceed-

ing. An amended bill was filed on April 9th, 1921, and the second amended bill was filed on July 31st, 1923. This last amended bill is the one now before the court for consideration.

Of course, the motion to dismiss sets forth and admits all the facts set up in the complaint, which may be briefly stated as follows: The San Juan Fruit Company has a paper title to a large quantity of land in Porto Rico and claims that this paper title is the true title. The numerous defendants, some thirty-eight in number, also have a paper title to distinct and separate parcels of this land, which they claim to be a good and sufficient title, but which the complainant says was obtained by fraud, and that the only true title is in the complaint itself. The very serious trouble with the complainant's case is that the complainant admits that all this land is in possession of the defendants, they occupying separate and distinct parcels thereof, and that this possession existed at and long before the institution of the present proceeding in equity.

The undersigned judge has had occasion to study many cases on the subject of jurisdiction in equity to quiet title, and the authorities are practically uniform that it is not necessary for the complainant having the true title to maintain a proceeding in equity against defendants claiming to have a true title, but whose title actually is bad, when the land is wild, unoccupied and unimproved. But I have never found a case where any Federal court allowed a question of adverse title to be tried in a proceeding in equity where the defendants are in actual, physical occupation of the land under a claim of title, even though such title may actually be worthless. The remedy has always been in an action at law. Counsel for complainant lays great stress upon the point that this court should entertain

jurisdiction of the present case in order to avoid a multiplicity of suits. While this as a whole recognizes ground of equity jurisdiction, I believe it has never been stretched to the point where a Federal court in equity permitted itself to entertain a bill as a result of which any defendant would be deprived of his right to a jury trial in an action at law in the nature of ejectment.

It was admitted during the argument of the case that the San Juan Fruit Company, when it acquired its title to this property, never entered into possession and as a matter of fact the parties who sold the land to the San Juan Fruit Company were themselves not in possession. In other words, the San Juan Fruit Company, by its own admission, brought a law suit. Furthermore, the San Juan Fruit Company, in the year 1914, itself recognized that its remedy was by means of an action at law. The mistake, of course, was made in 1914 when the San Juan Fruit Company sought to bring one single action of ejectment instead of bringing separate and distinct actions for the various parcels held by the different defendants individually.

I think a brief statement is proper touching the two principal cases upon which counsel for the complainant relies in support of his contention that the motion to dismiss should be denied. The first case is that of Oelrichs v. Spain (Oelrichs v. Williams) decided by the United States Supreme Court in 1872, reported in 15 Wall. page 211, 21 L. ed. 43. It is there held that the equity jurisdiction must be sustained when time, expense and multiplicity of suits will be saved, as also when the case contains an element of trust. A study of this case shows it to be a case in which no real estate was involved. There had been a trust fund and an injunction bond had been

given to the person who held the legal title to that fund. There were five defendants and the court distinctly held, at page 228, that where the remedy at law is of such a character as to afford the complainant a plain, adequate and complete remedy, the latter must pursue the same, and in such cases the adverse parties have the right to a trial of the issues of fact by a jury. The court, however, in the case of Oelrichs v. Spain held that this principle had no application. The court examined the record and stated it was clear to the minds of the judges not only that the remedy at law would not be as effectual as a remedy at equity, but they could not see as there was any effectual remedy at all at law. The court stated that even if the injunction bonds were sued upon at law and judgments recovered, a proceeding in equity would still be necessary to adjust the respective rights of the several obligees to the proceeds. Furthermore, it was stated that a direct proceeding in equity would save time, expense and a multiplicity of suits and settle finally the rights of all concerned in one litigation. Furthermore, the court stated there was an element of trust in the case, which, wherever it exists, always confers jurisdiction in equity. It will, therefore, be easily seen that the facts in the case of Oelrichs v. Spain are so different from the facts in the present case as to absolutely render it of no value as a guide to this court in deciding the instant case.

The other case relied upon by counsel for the complainant [Preteca v. Maxwell Land Grant Co.] is reported in 1 C. C. A. 607, 4 U. S. App. 326, 50 Fed. page 676. This was a suit to quiet title to real estate, being a very large area, and there being numerous defendants, but it clearly appeared that the complainant had been in actual possession of the land, under a

court decree, and that this possession was being disturbed by some of the defendants. On that ground alone jurisdiction was maintained. It will at once be seen how different the facts are in that case from the facts in the case now under consideration by this court. The San Juan Fruit Company admits that it never has had possession of the real estate.

In conclusion, and inasmuch, as the very able counsel for the complainant, after diligent search and after the preparation of a very ingenious brief, has failed to produce any decision of any Federal court where equitable jurisdiction was maintained to recover possession of land adversely held and occupied by numerous parties claiming title, even though that title be illegal, null and void, I am forced to dismiss this bill, without prejudice to the right of the complainant to institute separate and distinct actions in ejectment, which the complainant should have done in the year 1914.

The other points raised by counsel for defendants I do not touch upon. This opinion is strictly limited to the conclusion that this court as a court of equity is without jurisdiction to entertain the present proceeding.

To this order and opinion counsel for the complainant excepts.

Done and Ordered in open court, at Ponce, Porto Rico, this 13th day of March, 1924.